United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 05-51076
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL ALBERTO ROCHA-RAMIREZ,

Defendant-Appellant.

—————————————————

Appeal from the United States District Court
for the Western District of Texas
No. 4:01-CR-419-2

—————————————————

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Alberto Rocha-Ramirez appeals the sentence he received following the revocation of his supervised release. Rocha-Ramirez was sentenced to 12 months of imprisonment, to be served consecutively to the 27-month sentence he received for

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession with intent to distribute marijuana. Rocha-Ramirez's revocation proceeding took place four months after he was sentenced for possession with intent to distribute.

Rocha-Ramirez contends that the district court erred by imposing his sentence following revocation to run consecutively to his sentence for possession with intent to distribute. He argues that his sentences would have been concurrent had his revocation proceeding occurred in conjunction with his sentencing on the underlying offense. He further argues that the consecutive sentencing was unreasonable because the district court gave no reason for it and because he received ineffective assistance of counsel.

The district court had statutory discretion to impose the term of imprisonment following revocation to run concurrent with, or consecutively to, the term of imprisonment imposed for possession with intent to distribute. *See* 18 U.S.C. § 3584(a). The Sentencing Guidelines recommended that Rocha-Ramirez's sentence be imposed to run consecutively to his other sentence. *See* U.S.S.G. § 7B1.3(f), p.s. Rocha-Ramirez received the shortest sentence recommended by the Sentencing Guidelines. *See* § 7B1.4(a)(1), p.s. His 12-month term will not commence until he has completed his 27-month term, so he cannot demonstrate that the four-month period between his sentencing and his revocation proceeding affected his substantial rights. *See* FED. R. CRIM. P. 52(a). Accordingly, Rocha-Ramirez cannot show that his sentence is unreasonable or that it was issued in violation of the law. *United States v. Hinson*, 429 F.3d 114, 115-16, 120 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1804 (2006).

Generally, this court declines to review claims of ineffective assistance of counsel raised for the first time on direct appeal because there has been no opportunity to develop the record. *United States v. Miller*, 406 F.3d 323, 335-36 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 207 (2006). The record is not sufficiently developed for consideration of Rocha-Ramirez's contention that counsel was ineffective.

AFFIRMED.